UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CYNTHIA WESSINGER | |
| | CIVIL ACTION NO: |
| VERSUS | JUDGE: |
| FRANCISCO GOMEZ, MELVY ESCOBAR, DBA MEL ESCO TRUCKING, AND SCOTTSDALE INDEMNITY COMPANY | MAGISTRATE JUDGE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the
United States District Court for the
Middle District of Louisiana

NOW INTO COURT, through undersigned counsel, comes Defendant, Melvy Escobar, who hereby files this Notice of Removal for the above captioned civil action pursuant to 28 U.S.C.A. §1441 and 28 U.S.C.A. §1446, and hereby removes this matter to the United States District Court for the Middle District of Louisiana, based on diversity jurisdiction, and asserts as follows:

I.

This action was brought in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on July 28, 2023. The Civil Action number is 735186 and is titled, *Cynthia Wessinger v. Francisco Gomez, Melvy Escobar dba Mel Esco Trucking, and Scottsdale Indemnity Company.*

This is a civil action brought by Plaintiff, Cynthia Wessinger, a person of the full age of majority, and, based on information and belief, domiciled in the parish of East Baton Rouge, State of Louisiana, who, according to her Petition, allegedly sustained injuries on or about March

1

20, 2023, as a result of an automobile accident on Interstate 12, in East Baton Rouge Parish, State of Louisiana. A copy of the "Petition for Damages" is attached hereto as part of Exhibit A, *in globo*, as it represents the entirety of the state pleadings in Defendant's possession.

II.

This action involves a controversy which is between citizens of different states. Defendant Melvy Escobar resides and is domiciled in the State of California. Defendant Francisco Gomez resides and is domiciled in the State of California. Defendant Scottsdale Insurance Company is a foreign corporation organized under the laws of the State of Ohio, with its principal place of business in the State of Arizona.

III.

The Petition was filed on behalf of Plaintiff on July 28, 2023. Defendant Melvy Escobar has not been served to date, but received a copy of the Petition on September 21, 2023. As such, this removal is timely. Defendant avers that there has been no proper service effectuated on Defendant Francisco Gomez. As such, Defendant does not need his consent to remove this matter. Defendant avers that service of process has been made on Defendant Scottsdale Insurance Company. Defendant Scottsdale Insurance Company consents to this removal. *See* Notice of Consent to Removal, attached as Exhibit B.

IV.

This action is one over which the district courts of the United States are given original jurisdiction under 28 U.S.C.A § 1332. A party may remove any action from state court to federal court if the action is one over which the district courts of the United State have original jurisdiction. 28 U.S.C.A §1441. The removing party bears the burden of proving that removal is proper and that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th

Cir. 1995). In this case, removal was warranted based upon this Court's original jurisdiction as supplied by 28 U.S.C.A § 1332. 28 U.S.C.A § 1332 supplied federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

V.

According to the Petition, Plaintiff is a citizen of Louisiana and Defendants are citizens of other states. Plaintiff does not specify the specific domicile of Defendants Melvy Escobar and/or Scottsdale Insurance Company. However, he admits that both Defendants are foreign. As such, diversity is not contested.

As previously stated, Plaintiff is a citizen of Louisiana. Defendant Melvy Escobar is a citizen of California. Defendant Francisco Gomez is a citizen of California. Defendant Scottsdale Insurance Company is a citizen of Ohio and Arizona according to 28 U.S.C.A § 1332. Accordingly, this Court needs only to determine whether the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

VI.

In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that plaintiffs may not petition for a specific monetary amount. La. Code Civ. Proc. Art. 893 (A)(1). However, Article 893 of the Louisiana Code of Civil Procedure does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, <u>the lack of jurisdiction of federal courts due to insufficiency of damages</u>, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount <u>is required</u>" (emphasis added). Defendant must establish by a

preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Defendant, however, is not required to prove to a legal certainty or conclusively that plaintiff will recover more than the jurisdictional amount. Instead, defendant need only prove that plaintiff, more likely than not, could recover more than the jurisdictional amount.

Case law has provided guidance as to what types of proof may be offered in order for a removing party to meet the preponderance standard. For example, a court can determine that removal was proper if it is "facially apparent" that the claims are likely above the required jurisdictional amount. *DeAguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993). This test is performed by referencing the petition and making a determination of whether the claims meet or exceed the jurisdictional amount. In the alternative, the defendant can set forth the facts in controversy, preferably in the removal petition, but sometimes by affidavit or stipulation, that support a finding of the requisite amount. *Jeffcoats v. Rite-Aid Pharmacy*, 2001 WL 1561803 (E.D. La. Dec. 6, 2001) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).

Once the defendant has met its burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *DeAguilar*, 47 F.3d at 1411. In *DeAguilar,* the Court held that a plaintiff can establish to a "legal certainty" that his claim does not meet or exceed the requisite jurisdictional amount by citing an applicable state law that prohibits recovery over the jurisdictional amount. *Id.* If the plaintiff cannot cite such a statute, then "[l]itigants who want to prevent removal *must* file a binding stipulation or affidavit with their complaint" that shows their commitment to recovery below the federal threshold. *Id.* In this case, Plaintiff has failed to execute or file any such Stipulation.

4

VII.

In the Petition, Plaintiff alleges as follows:

> 9.
>
> The collision herein caused petitioner, **CYNTHIA WESSINGER**, to suffer injuries from which she has not recovered and is continuing to undergo medical treatment. As a result of said injuries, Petitioner has incurred and will continue to incur the following, non-exclusive damages:
>
> (1) Past, present and future medical expenses;
> (2) Past, present, and future physical pain and suffering;
> (3) Past, present, and future mental anguish;
> (4) Past, present, and future emotional distress;
> (5) Past, present, and future loss of enjoyment of life;
> (6) Past, present, and future lost wages;
> (7) Loss of future earning capacity; and
> (8) Any and all other damages to be proven at the trial of this matter.

*See* Exhibit A.  Plaintiff further stated in her Petition that damages exceed $50,000 (*i.e.* the jury threshold).

Based on the foregoing, while Defendants have no way of knowing the exact monetary value of these damages that are claimed, it appears, more likely than not, that the amount "in controversy" is greater than $75,000.00.

VIII.

The above-captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C.A §1441 (a) and 28 U.S.C.A §1446.

IX.

A copy of all process, pleadings, and orders served upon Defendant is attached hereto as Exhibit A.

X.

This action is removable under and by virtue of the acts of Congress of the United States and the defendant desires to remove it to this Court.

Accordingly, Defendant, Melvy Escobar, asks that the above-captioned action be removed to this Court, the United States District Court for the Middle District of Louisiana, in accordance with the provisions of 28 U.S.C.A §1441, *et seq.*

>Respectfully Submitted,
>
>**LAW OFFICE OF KIMBERLY G. ANDERSON**
>
>*/s/ Sarah Murphy Barro*
>
>SARAH M. BARRO (#31893)
>3850 N. Causeway Boulevard, Suite 1230
>Metairie, LA 70002
>Telephone: (504) 837-9107
>Facsimile: (855) 810-2532
>Email: barros4@nationwide.com
>*Counsel for Defendant, Melvy Escobar*

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon all counsel of record via CM/ECF on this 26th day of September, 2023.

>/s/ *Sarah M. Barro*
>Sarah M. Barro